IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| LAJOHN F. WILSON, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:16-CV-112 |
| SAMUEL A. BRADSHAW | § | |

MEMORANDUM ORDER OVERRULING OBJECTIONS AND
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Lajohn F. Wilson, Jr., a prisoner confined at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 against defendant Samuel A. Bradshaw.

The court referred this matter to the Honorable Keith Giblin United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends defendant Bradshaw's 12(b)(6) Motion to Dismiss for failure to exhaust administrative remedies be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleading. Defendant Bradshaw filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b). As outlined below, the court finds the objections lacking in merit.

Factual & Procedural Background

On May 25, 2016, plaintiff alleges defendant Bradshaw "forced" him in a shower that was flooded with ankle-deep water that contained human waste. Plaintiff complained to a supervisor and was removed from the shower and told to write a medical sick call request. Plaintiff alleges he suffered itching of his feet and was ultimately prescribed medication for athlete's foot.

In plaintiff's original complaint, he states he has exhausted his administrative remedies. Specifically, plaintiff alleges he wrote a grievance on May 27, 2016, complaining of the incident and handed the grievance to Ashley Crawford for processing. When plaintiff did not receive a response, he alleges he wrote an I-60 on June 13, 2016, requesting the case number for the grievance. In response, the grievance department stated they had no grievance on file since 2015. Plaintiff then argues he filed an I-60 form explaining that he handed his grievance to Ashley Crawford. When plaintiff failed to get a response to the second I-60, he argues he filed another Step 1 grievance complaining that Ashley Crawford destroyed the grievance. Plaintiff contends this grievance was not processed either and argues he cannot properly exhaust when the grievance department is interfering with his paperwork.

Defendant Bradshaw filed a Motion to Dismiss for failure to exhaust administrative remedies pursuant to Federal Rule of Civil Procedure 12(b)(6). In the motion, defendant Bradshaw argues plaintiff did not properly exhaust his administrative remedies and states specifically, "[w]hen he received the response that his Step 1 had not been received, Offender Wilson was put on notice that he needed to re-submit his Step 1 grievance. At this point, it was up to Offender Wilson to re-submit the Step 1 grievance and appeal through a Step 2 grievance in the event that he found the response to his Step 1 grievance unacceptable."

The Magistrate Judge entered a Report and Recommendation on August 10, 2017, recommending the motion to dismiss be denied as defendant Bradshaw did not address plaintiff's allegation that the grievance department was interfering in his ability to exhaust his administrative remedies. In addition, the Magistrate Judge concluded that based on the present record, the Magistrate Judge could not determine what proper procedure required under these circumstances. In addition, the Magistrate Judge found that because exhaustion is an affirmative defense, the defendant has the burden of proving plaintiff did not exhaust his administrative remedies and that the court was bound to accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.

Defendant Bradshaw filed objections to the Report and Recommendation on August 18, 2017. Acknowledging the fact that the court must accept all well-pleaded facts as true, defendant Bradshaw argues that doing so in this case should not defeat defendant's motion to dismiss.[1] Defendant Bradshaw cites to the PLRA and case law that establish that unexhausted claims cannot be filed in federal court and outlines TDCJ policy and procedure for exhaustion of administrative remedies. In support of the motion to dismiss, defendant Bradshaw attaches as exhibits the TDCJ Offender Orientation Handbook that outlines these procedures.

Defendant Bradshaw complains that he does not have to address plaintiff's allegation that the grievance department was interfering in his ability to exhaust "by either not processing, losing or intentionally destroying his grievance." Even if true, defendant Bradshaw contends that the allegations are inconsequential and/or conclusory. Defendants cite to *Hicks* and *Wilson* for the proposition that regardless of whether plaintiff received a response to his step 1 grievance, he was still required to file a step 2 grievance.[2] *Hicks v. Garcia*, 372 F. App'x 557, 558 (5th Cir. 2010); *Wilson v. Epps*, 776 F.3d 296 (5th Cir. 2015).[3] Defendant states that the Fifth Circuit does not require TDCJ's policy to explicitly state that the offender should proceed to the step 2 appeal if he did not receive a response to his step 1 as the Fifth Circuit has previously held that "available administrative remedies are exhausted when the time limits for the prison's response set forth in the Grievance Procedures have expired." *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998) (overruled on other grounds).

---

[1] Defendant Bradshaw cites to *Sonnier v. State Farm Mutual Auto. Ins. Co.*, 509 F.3d 673, 375 (5th Cir. 2007) In *Sonnier*, the Fifth Circuit Court of Appeals upheld the district court's dismissal of plaintiff's claim pursuant to Federal Rule of Civil Procedure 12(b)(6) based on the contractual agreement to repair. *Id*., pg. 675.

[2] As discussed *infra*, the process now cited in the objections is different than the process outlined in the original motion to dismiss.

[3] Defendant Bradshaw complains that the Magistrate Judge did not analyze nor cite to *Hicks* and *Wilson* in denying the motion to dismiss. The court notes that neither case was cited nor analyzed in the defendant's original motion to dismiss and, for reasons outlined below, can be distinguished from the underlying facts of this case.

Analysis

Because defendants now rely on evidence in support of the motion to dismiss, this court coverts the motion to dismiss to a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). Summary judgment is appropriate when there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). Courts must consider the record as a whole, including all pleadings, depositions, affidavits, interrogatories and admissions on file, in the light most favorable to the non-movant. *Caboni v. Gen. Motors Corp.*, 278 F.3d 448, 451 (5th Cir. 2002).

The party seeking summary judgment bears the initial burden of demonstrating an absence of a genuine issue of material fact and informing the court of the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits, if any, which support its contention. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Williams v. Adams*, 836 F.2d 958, 960 (5th cir. 1988). Any controverted evidence must be viewed in the light most favorable to the non-movant, and all reasonable doubts must be resolved against the moving party. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888 (1990).

If the moving party makes the required showing, then the burden shifts to the non-movant to show that a genuine issue of material fact remains for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986); *Fields v. City of S. Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991) (citation omitted). The non-movant cannot merely rest on the allegations of the pleadings, but must establish that there are material controverted facts in order to preclude summary judgment. FED. R. CIV. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (citation omitted). Summary judgment is proper if the non-movant fails to make a showing sufficient to establish the existence of an element essential to his case on which he bears the burden of proof. *Celotex*, 477 U.S. at 322-23; *ContiCommodity Servs., Inc. v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995) (citations omitted). Furthermore, there must be adequate proof in the record showing a real controversy regarding material facts. "Conclusory allegations," unsubstantiated assertions, or the

presence of a "scintilla of evidence" is not enough to create a real controversy regarding material facts. *See, e.g. Lujan v. National Wildlife Federation*, 497 U.S. 871, 902; *Hopper v. Frank*, 16 F.3d 92, 96-97 (5th Cir. 1994), *Davis v. Chevron U.S.A., Inc.,* 14 F.3d 1082, 1086 (5th Cir. 1994). In the absence of proof, the court does not "assume that the nonmoving party could or would prove the necessary facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

Because exhaustion is an affirmative defense, the burden is on defendant Bradshaw to demonstrate that plaintiff failed to exhaust his administrative remedies. *Dillon v. Rogers*, 596 F.3d 260 (5th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).[4] Consequently, defendant Bradshaw "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Id*. (citing *Martin v. Alama Cmty. Coll. Dist*., 353 F.3d 409, 412 (5th Cir. 2003).

In relying on *Hicks* and *Wilson*, defendant Bradshaw overlooks the fact that neither case involved allegations that prison officials were interfering in the plaintiffs' ability to exhaust administrative remedies. *See Hicks v. Garcia*, 372 F. App'x 557 (5th Cir. 2010 (not designated for publication); *Wilson v. Epps*, 776 F.3d. 296 (5th Cir. 2015).[5] Although the Fifth Circuit takes a "strict approach" to the PLRA's exhaustion requirement, the Fifth Circuit has recognized that the failure to exhaust may be excused when grievance officials "ignore or interfere with a prisoners pursuit of relief." *Thomas v. Prator*, 172 F. App'x 602, 603 (5th Cir. 2006) (per curiam) (not

---

[4]"[F]actual disputes concerning exhaustion may be resolved by judges. However, we also conclude that when courts rule on exhaustion on the basis of evidence beyond the pleadings, the nonmoving party should be granted the protections of Rule 56. Consequently, we find that the district court did not err in converting Appellees' motion into a motion for summary judgment under Rule 12(d)." *Id*., pg. 271.

[5]*Hicks* merely alleged the Tarrant County Jail did not maintain a two-step grievance procedure and that Tarrant County Jail officials never responded to his three grievances. *Hicks*, 372 F. App'x at 558. The Fifth Circuit noted that, contrary to plaintiff's belief, the Tarrant County Jail had an established two-step procedure for presenting grievances and plaintiff only exhausted the first step. *Id. Wilson* argued that the Mississippi prison's failure to respond to his ten grievances and the 90 day period to process his grievances excused his non-exhaustion. *Wilson*, 776 F.3d at 299. In *Wilson*, the Fifth Circuit noted that Wilson's remedies were not exhausted unless Wilson proceeded through all three steps of the program's process even if MDOC failed to respond at either of the preliminary steps. *Id.* at 302. In both cases, the Fifth Circuit noted that it had already approved of the grievance process for both facilities. There was no allegation that the grievances filed by *Hicks* and *Wilson* were not actually received by the grievance department; rather, it would appear they were received but no formal response was given.

5

designated for publication); *Johnson v. Ford*, 261 F. App'x 752, 755 (5th Cir. 2008) (not designated for publication) (both citing *Holloway v. Gunnell*, 685 F.2d 150, 154 (5th Cir. 1982)).

Based on the present record, this court cannot determine whether the administrative remedies were, in fact, "available" to plaintiff. First, as outlined above, defendant Bradshaw has given two responses as to what plaintiff should have done in order to properly exhaust his administrative remedies despite not receiving a response and determining his grievances had not been received and/or processed (and alleging they were intentionally lost or destroyed). In the motion to dismiss, defendant Bradshaw states plaintiff should have filed another step 1 and proceeded through the step 2 process. In his objections, however, defendant Bradshaw states plaintiff should have filed a step 2 to his step 1 regardless of not having received a response and being told the grievance department had no record of the grievance. This discrepancy alone is sufficient to indicate there is at least some confusion as to what the proper procedure is in this type of situation.

Furthermore, plaintiff's allegations of unavailability or interference in the grievance process are not conclusory; plaintiff provides a factual basis to support this allegation. In addition plaintiff's original complaint is sworn to under penalty of perjury and is verified and is considered competent summary judgment evidence. *Hart v. Hairston*, 343 F.3d 762, 765 (5th Cir. 2003) ("On summary judgment, factual allegations set forth in a verified complaint may be treated the same as when they are contained in an affidavit.") (citing *Huckabay v. Moore*, 142 F.3d 233, 240 n. 6 (5th Cir. 1998)); *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994)).

Finally, if the court follows defendant Bradshaw's logic, proper procedure and/or case law requires plaintiff to file another step 1 and/or a step 2 to the original step 1 and then continue to turn them in to the same grievance personnel he alleges intentionally lost and/or destroyed his original grievances.[6] Defendant Bradshaw conveniently ignores plaintiff's allegations that after he was told

---

[6]The court acknowledges that the Fifth Circuit has held that "available administrative remedies are exhausted when the time limits for the prison's response set forth in the prison Grievance Procedures have expired." *Underwood v. Wilson*, 151 F.3d 292, 295 (5th Cir. 1998) (overruled on other grounds). However, this assumes the grievances were actually received and/or acknowledged as received by the relevant grievance department. In *Underwood*, plaintiff timely filed his grievances and appeals at each step of the TDCJ process but failed to receive a final response from the Deputy Director. *Id.*

by the grievance department that they had no record of his grievance, he filed an I-60 explaining that he handed his original step 1 grievance to Ashley Crawford. As outlined above, plaintiff alleges further he failed to get a response to the second I-60 and then filed another Step 1 grievance complaining that Ashley Crawford destroyed the grievance which also went unprocessed. If there is another procedure to follow in such a situation, the defendant does not say. The Offender Orientation Handbook also does not say:

>   A.  Grievance forms are available from the law library, housing area, shift supervisor, or by contacting the unit grievance office. After completely filling out the form, place it in the grievance box yourself or hand it directly to the grievance investigator in your unit. *Step 2 appeals must be accompanied by the original, answered Step 1.*
>
>   B.  At attempt to informally resolve your problem must be made before filing a grievance. Information resolution is defined as any attempt to solve the issue at hand and must be noted on the Step 1 grievance form (I-127). You have 15 days from the date of the alleged incident or occurrence of the issue presented in which to complete the Step 1 grievance form and forward it to the unit grievance investigator (UGI). The Step 1 process may take up to 40 days from the date the unit grievance office receives the Step 1 form to respond or 45 days for medical grievances. If you are not satisfied with the Step 1 response, you may appeal the Step 1 decision by filing a Step 2 (I-128). You have 15 days from the "Date returned to the Offender" noted in the "OFFICE USE ONLY" box on the front of the grievance form to submit the Step 2 to the grievance investigator on the unit. The Step 2 process may take up to 40 days to provide you a written response or 45 days for medical grievances.

Exhibit A, pg. 4 (docket entry no. 37-1) (emphasis added in original).[7]

Based on the foregoing, this court finds there is a genuine dispute of material fact as to whether the grievance process was available. *See Dillon v. Rogers*, 596 F.3d 260, 267 (5th Cir. 2010) (unable to determine whether administrative remedies were "available" for Dillon because the record was not sufficiently developed).

---

[7] If plaintiff were to follow the policy outlined above, he could not have complied regardless. Policy states that "Step 2 appeals must be accompanied by the original, answered Step 1."

## ORDER

Accordingly, defendant Bradshaw's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**.

So **ORDERED** and **SIGNED** this **22** day of **September, 2017.**

_____
Ron Clark, United States District Judge